```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                              :
UNITED STATES OF AMERICA                      :
                                              :
                                              :    13 Cr. 58 (KBF)
            -v-                               :
                                              :    MEMORANDUM
                                              :    DECISION & ORDER
LOUIS BORRERO,                                :
                        Defendant.            :
                                              :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAY 1 2 2014

KATHERINE B. FORREST, District Judge:

Following his conviction on November 12, 2013 after a jury trial, defendant Louis Borrero, though represented by counsel, submitted a pro se motion to set aside the verdict, for entry of judgments of acquittal, and for a new trial, pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure. (See Motion at 1, ECF No. 265.)

In his motion, Borrero asserts first that the evidence admitted against him at trial was legally insufficient, and second that he received constitutionally ineffective assistance from his trial counsel. The Court assumes familiarity with the facts relating to this matter and refers to the trial record for the same, and to the Government's memorandum in opposition to this motion for a summary of the same. (See Gov't Opp. at 1-11, ECF No. 395.)

Having considered the arguments presented by Borrero and the Government, the Court hereby DENIES the motion on the merits in its entirety.

I. STANDARDS OF REVIEW

A defendant challenging the sufficiency of the evidence bears a heavy burden. United States v. Gaskin, 364 F.3d 438, 459 (2d Cir. 2004). The standard of review is exceedingly deferential. United States v. Hassan, 578 F.3d 108, 126 (2d Cir. 2008). Because Borrero was found guilty by the jury at trial, the Court views the evidence in the light most favorable to the Government, crediting every inference that could have been drawn in the Government's favor and deferring to the jury's assessment of witness credibility and the weight to be given to the evidence. See United States v. Chavez, 549 F.3d 119, 124 (2d Cir. 2008).

Rule 33 authorizes a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). In connection with a Rule 33 motion, a court may weigh evidence and assess credibility of witnesses. However, a court should only intrude upon the jury function of credibility assessment in exceptional circumstances. United States v. Thompson, 528 F.3d 110, 120 (2d Cir. 2008). The question for this Court is whether manifest injustice would result if it allows a guilty verdict to stand. See United States v. Snype, 441 F.3d 119, 140 (2d Cir. 2001).

II. DISCUSSION

Borrero is not entitled to relief under either Rule 29 or 33.

A. Sufficiency of the Evidence

With respect to his first argument, Borrero misunderstands the applicable law. He argues that he could not be convicted of a Hobbs Act robbery because the subject of the robbery was heroin which (he argues) cannot be considered "property"

within the meaning of 18 U.S.C. § 1951. (See Motion at 4-6.) This is incorrect. This same argument has been previously raised and rejected in this district. See, e.g. United States v. Thompson, No. S6 04 Cr. 1036 (GEL), 2006 WL 1738227, at *2 (S.D.N.Y. June 23, 2006); see also United States v. Gotti, 459 F.3d 296, 325-26 (2d Cir. 2006) (stating that it would be "untenable" to hold that one can never extort, under the Hobbs Act, illegal property because such property can never be legally sold or transferred); United States v. Cortes, No. 12-50137, 2014 WL 998403, at *12 (9th Cir. Mar. 17, 2014) (rejecting argument that Hobbs Act robbery is limited to the stealing of lawful property and excludes contraband such as illegal drugs).

Borrero's arguments are also unavailing with respect to Count Three. Count Three charged Borrero with possessing or carrying a firearm, or aiding and abetting the same, in connection with Counts One and Two. Thus, the verdict is independently supported by the evidence at trial that Borrero carried a firearm, and aided and abetted the carrying of a firearm, in connection with either or both counts.

B. Ineffective Assistance of Counsel

To support a claim for ineffective assistance of counsel, the defendant must (1) demonstrate that his counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and (2) that there is proof of prejudice from counsel's allegedly defective performance. Strickland v. Washington, 446 U.S. 668, 687-88 (1984). Particular deference is given in areas of trial strategy. United States v. Luciano, 158 F.3d 655, 660 (2d Cir. 1998); see also Greiner v.

Wells, 417 F.3d 305, 323 (2d Cir. 2005) (reviewing courts are ill-suited to second guess decisions regarding which witnesses to call or not call).

Borrero's argument that he received ineffective assistance relates to his counsel's failure to call Javion Camacho—a co-defendant, co-conspirator, and the leader of the conspiracy—as a witness at trial. (See Motion at 7-8.) According to defendant, an email that Camacho sent to counsel indicated that Camacho was solely responsible for the events and was exculpatory as to the defendant. (See id. at 7-8, Ex. A.) The Court is fully familiar with the facts of the conspiracy to which Camacho pled guilty—he and over a dozen other co-defendants have pled guilty before this Court and have been sentenced by this Court.

The email that Borrero attaches to the Motion is Camacho's attempt to state that Borrero is not guilty, that the events for which they were arrested were part of a sting operation and thus not "real," etc. It is, in short, of no help at all and would be subject to a withering cross examination based on Camacho's and his co-defendants' plea allocutions. The email does not indicate the legitimate presence of any exculpatory evidence or witness. Moreover, at the time of trial, Camacho was himself awaiting sentencing for participation in a narcotics conspiracy, but not to a Hobbs Act conspiracy nor to firearms possession (both of which Borrero was charged with and convicted of by the jury). Thus, Camacho's theoretical testimony on Borrero's behalf would have placed Camacho in jeopardy. Moreover, at a conference with this Court on January 7, 2014, Borrero's counsel proffered that after receiving the allegedly exculpatory email, he contacted Camacho's counsel who indicated that

4

Camacho was not willing to testify. (See 1/7/14 Hearing Tr. at 4-5, ECF No. 396.) Thus, Borrero's entire argument—that his trial counsel failed to call a witness whose lawyer had indicated he would not testify—is misguided and without merit.

III. CONCLUSION

For all of the reasons set forth above, Borrero's motions for acquittal or a new trial are DENIED.

The Clerk of the Court is directed to close the motion at ECF No. 265.

SO ORDERED.

Dated:  New York, New York
        May 12, 2014

                                    _____
                                    KATHERINE B. FORREST
                                    United States District Judge