USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/13/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
:
UNITED STATES OF AMERICA, :
: **TRANSFER ORDER**
-against- :
: 13 Cr. 58 (AKH)
LOUIS BORRERO, :
:
Defendant. :
:
---------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Defendant Louis Borrero, appearing *pro se*, filed a motion pursuant to 28 U.S.C. § 2255 to vacate his conviction for possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). For the reasons that follow, this case is transferred to the Court of Appeals for the Second Circuit.

      On January 23, 2013, defendant and numerous codefendants were charged with conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846 (Count One); conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count Two); and possessing, or aiding and abetting the possession of, firearms in connection with (i) "a drug trafficking crime . . . , namely, the narcotics conspiracy charged in Count One" and (ii) "a crime of violence . . . , namely, the robbery conspiracy charged in Count Two," in violation of 18 U.S.C. §§ 924(c)(2) and 924(c)(1)(A)(ii) (Count Three). Following a jury trial, defendant was convicted of all three counts and sentenced to a total term of 324 months' imprisonment. ECF No. 492. Sixteen other defendants pleaded guilty, including eleven without a separate gun-possession charge; five to a gun-possession charge with a Hobbs Act conspiracy as a predicate; and only one to the gun-possession charge with a narcotics conspiracy as a

predicate. The only defendant other than Borrero who proceeded to trial was convicted of all three counts.

On, April 18, 2017, defendant filed his first motion to vacate under 28 U.S.C. § 2555. ECF No. 618. Defendant argued that the Court lacked jurisdiction over all counts, that the crime charged in Count One was void for vagueness, and that he received ineffective assistance of counsel. The Honorable Katherine B. Forrest denied that motion. ECF No. 638. The case was reassigned to me on September 13, 2018.

On October 29, 2019, defendant filed a letter asking whether *United States v. Davis*, 139 S. Ct. 2319 (2019), "appl[ies] to [his] situation of [his] case [due] to the fact that [he] ha[s] conspiracy of Hobbs Act Robbery, and a 924(c)(A)(I) gun charge." ECF No. 709. This Court interprets the letter as a motion to vacate defendant's Count Three sentence pursuant to 28 U.S.C. § 2555.

The filing of a second or successive § 2255 motion requires authorization from the appropriate Court of Appeals. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). The instant motion is a second or successive motion because it raises claims regarding the same conviction or sentence as the prior motion, and the prior motion was decided on the merits. *See Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). When a second or successive § 2255 motion is filed in the district court without authorization from the Court of Appeals, the appropriate action is to transfer the motion to the Court of Appeals in the interest of justice. *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996).

I note that defendant's case is unlike those of his codefendants who have successfully obtained vacatur of their Count Three convictions after *Davis*.[1] Defendant chose to

---

[1] Thus far, codefendants Julio Camacho, Joshua Roman, and Benjamin Jimenez have had their Count Three convictions vacated. ECF Nos. 675, 692, 704. Camacho's total term of imprisonment was reduced from 150 months to 100 months. ECF No. 695. Roman was resentenced to time served after he had served 81 months and seven days of his original 93-month sentence. ECF No. 708. Jimenez has not yet been resentenced.

try his case and was convicted on all three counts, including Count One, conspiracy to distribute and possess with intent to distribute heroin. Drug trafficking conspiracy remains a valid predicate for a § 924(c) conviction.

I note that the effect of the Supreme Court's decision in *Davis* causes a substantial sentencing disparity in this case. Those defendants who pleaded to a Hobbs Act conspiracy received a much lower sentence than those who pleaded to, or tried, a narcotics conspiracy. The problem cannot be adjusted by a district judge, for once he or she sentences, only certain instances provided by statute or a Rule 35(b) motion can cause a change. 18 U.S.C. § 3582(c); *United States v. Kyles*, 601 F.3d 78, 83 (2d Cir. 2010). The Court lacks authority to resentence a defendant except upon motion of the Director of the Bureau of Prisons, for specific statutory cause, pursuant to Rule 35, or where the Sentencing Commission has subsequently lowered the applicable sentencing range. 18 U.S.C. § 3582(c). In Borrero's case, there appears to be no statutory basis for resentencing, nor has there been a motion under Rule 35(b).

## CONCLUSION

Defendant's motion, ECF No. 709, is transferred to the United States Court of Appeals for the Second Circuit. The Clerk of Court is directed to carry out this order and to mail a copy of this order to the defendant.

Because the motion makes no substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253.

SO ORDERED.

Dated: November 13, 2019
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3