IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
STATES REPUBLIC


L. LOUIS BORRERO,                           Case No. 13-CR-00058-KBF-16
   Movant,

V.

UNITED STATES OF AMERICA,
   Respondant.


MOTION FOR COMPASSIONATE RELEASE
UNDER §3582(c)(1)(A), FIRST STEP ACT &
EMERGENCY IN LIGHT OF THE CURRENT COVID-19
PANDEMIC CONDITION


FIRST STEP ACT, 18 U.S.C. §3582(c)(1)(A),
THE COURT IS AUTHORIZED TO MODIFY TERMS OF
IMPRISONMENT AS FOLLOWS:


The Court may not modify a term of imprisonment once it has
been imposed except that--in any case-- the Court, upon motion of
the Director of the Bureau of Prisons, or upon motion of the Defen-
dant, after the defendant has fully exhausted all administrative
rights to appeal a failure of the Bureau of Prisons to bring a motion
on the defendant's behalf or the lapse of 30 days from the receipt
of such a request by the Warden of the defendant's facility, whichever

1

is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) after considering the factors set forth in section 3553(a) to the extent that they are applicable, if found that:

1) Extraordinary and compelling reasons warrant such a reduction and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The law now permits a court to reduce an inmates sentence or otherwise adjust it wherever "extraordinary and compelling reasons warrant such a reduction, 18 U.S.C. §3582(c)(1)(A) may constitute extraordinary and compelling reasons" in a common meaning of the words. June 17, 2019, "extraordinary and compelling" means beyond what is usual, customary, regular, or common, and a "compelling reason" is one so great the irreparable harm or injustice would result if [the result] is not [granted]. See e.g. United States v. Young, 2020 WL 1047815 at 6. (M.O. Tenn, Mar. 4, 2020)(collecting case), The District Courts themselves have the power to determine what constitutes extraordinary and compelling reasons for compassionate release.

## COVID-19 RELATED RISKS

The public health crisis in prisons across America pose a clear danger to Mr. Borrero's well-being, and indeed, his life. COVID-19 presents an unprecedented public health risk, with a particularly high risk to people in confined spaces. Accordingly, the global public health response has been to promote isolation, quarantine,

and "social distancing". None of these measures, however, can be
adequately implemented in a prison environment. Indeed, the unpre-
cedented threat of COVID-19, which could not have been foreseen at
the time of Mr. Borrero's sentencing, poses extraordinary risks to
all federal prisoners. The virus thrives in densely populated areas,
and the measures necessary to contain and prevent infection are
extremely difficult, if not impossible to achieve in a prison envir-
onment. The Federal Bureau of Prisons is experiencing an emergency
precisely because, by definition and by design, lack the capacity
for social distancing. The lives of all inmates are at risk whether
from other inmates or officers and vendors who come and go. When
you add the inherently inhospitable conditions in which hygeine and
living space are necessarily at a premium, you've created the perfect
storm within which COVID-19 can wreak havoc. The reality confirmed
by the Surgeon General, and so many others, is that we are only in
the early stages of this tragic and unsettling time in our history.

Perhaps there are lessons that we can learn from this COVID-19
Pandemic--a virus that has made the strongest among us feel vulner-
able in a way we never have before. Sadly, we all know someone whose
life has been impacted by the novel coronavirus, but maybe this
experience makes it easier for us to believe in second chances.

## BORRERO'S ACCESSORIAL ROLE

Mr. Louis Borrero was arrested on January 19, 2013. Mr. Borrero was then indicted on January 23, 2013 and pled "not guilty" on January 25, 2013. A three count superseding indictment was later filed on September 3, 2013, charging Mr. Borrero with (1) conspiring to distribute and possess with intent to distribute 1 kilogram and more of heroin in violation of 21 U.S.C. § 841(b)(1)(A), 21 U.S.C. § 846. (2) agreeing to commit armed robberies of individuals believed to be engaged in narcotics trafficking in violation of 18 U.S.C. § 1951 and (3) using, carrying, and possessing a firearm, and  aiding and abetting the use, carrying, and possession of a firearm, during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(1).

The charged conspiracy was allegedly carried out from in or about December of 2012 up to and including the arrest date of January 9, 2013.

Mr. Borrero's jury trial commenced on November 4, 2013 and was continued on November 5, 2013, November 6, 2013, and completed on November 12, 2013. The Jury found Mr. Borrero guilty of all charges.

On December 3, 2013, counsel filed a motion to set aside the verdict and for a new trial pursuant to Rule 29 and Rule 33. Mr. Borrero also submitted a pro se motion for the same relief. The motions were ultimately denied in their entirety on June 19, 2014. The undersigned was appointed as counsel in the District Court on July 8, 2014.

On October 14, 2014, counsel filed a sentencing letter combined with a motion to dismiss based on outrageous government conduct. The motion to dismiss was denied and on October 28, 2014, Mr. Borrero was sentenced to 324 months (27 years) imprisonment to be followed by 10 years supervised release. Mr. Borrero is currently serving his sentence at United States Penitentiary Canaan in Waymart, PA.

## INTRODUCTION

Comes now. Movant (hereinafter). Movant or Defendant Sui Juris respectfully moves this Honorable Court pursuant to the newly-amended 18 U.S.C. § 3582(c)(1)(A), for an order reducing his sentence or to reschedule a resentencing hearing with the opportunity to provide more information to the Court prior and during the resentencing hearing to assist the Court in determining the appropriate sentence.

## MEMORANDUM OF LAW

Movant was a young man of promise whose life was derailed by three factors that ultimately cost him his life. Mr Borrero made a series of poor choices. Second, The Court sentence him to 27 years in Prison-a sentence that effectively announced that there was nothing redeemale about this man, That he has nothing left to give humanity, The latter is most certainly not the case.

5

To incarcerate Mr. Borrero any longer would be a complete and utter waste of valuable human life. The Question before the Court really is whether Mr. Borrero series of poor Choices is work his life, we submit that it is not. Mr. Borrero can never undo the series of poor Choices he made. However, we can correct the other two factors that have led to a waste of human life and dignity Mr. Borrero has served approximately (96) Months with good conduct time, which is equivalent to a term of (110) Months [approximately 10 years] Nothing will ever get that time back, he has paid significantly for his crimes.

Now, the Courts has the opportunity to use the tool congress gave it to give Mr. Borrero the chance to salvage some portion of his life because of the First Step Act of 2018, The Court has an opportunity to correct an injustice and release Mr. Borrero because of his efforts over the last decade Mr. Borrero has the education skills Family support and drive to succeed if release.


## ARGUMENT

This Court can now bring a belated measure of Justice to Movant's sentence. due to the change made to § 3582 (c)(1)(A)(1) by the First Step Act See P.L. 115-391,132 stat. 5194, at § 603 (Dec.21 218) The Court may reduce a sentence for extraordinary and compelling reason like those present in this case and Movant ask the Court to reduce his sentence. The Court now has the authority to reduce -

an inmate's Sentence base on the extraordinary and compelling circumstances presented here, the change mode to 18 U.S.C § 3582 (c)(1) (A)(1) made by both the First Step and that of the cares Act have finally vested the Court with final authority to decide when extraordinary and compelling reasons warrant a sentence reduction, such circumstances clearly exist in this case. The factors the Court must consder in determining an appropriate sentence weigh strongly in favor of Mr.Borrero

The Relevant Factors Weigh Strongly
in Favor of a Sentence Reduction

In deciding Movant's request for a sentence reduction, the Court must determine whether after considerin the factors set forth in 18 U.S.C. § 3582(a), extraordinary and compelling circumstance permit that relief, and if so, that Movant is not a danger to the safety of any other person or to community. As explained below, the § 3553(a) factors weigh strongly in favor of relief in Movant's case. Section § 3553(a)(2) requires a court to consider the necessity of the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, protect the public from Mr. Borrero and provide him with rehabilitative services. The more 10 years that Mr. Borrero has already served in prison has transformend him. Although he had tribulations while incarcerated, he has dedicated himself to the rehabilitation of himself, fulfilling the objectives of § 3553 (a)(2) that incarceration provide the defendant with needed

educational or vocational training, medical care or other correctional treatment, see Exhibit-1, Educational Courses. He has completed more than 30 Education Courses, logging over 700 hours since his incarceration. He has become english Proficient and developed skills for business. He facilitated alternative to violence project seminars, volunteered to teach men around him to learn to read and write. He has developed skills in hopes of future employment opportunities if granted relief by this court. This factor also weighs heavily in support of grantig relief.

If released he would pose no danger to the safety of any person or the community. He has maintained strong family and community ties. Movant plans to live with his mother, his wife and their two children if granted relief. Nothing in the facts of this case indicate that Movant would be a danger if released. There are strong indications from his time in prison that he is now a matured man who poses no risk to the community, and is likely to became a productive and valuable member of society upon release.

Mr. Borrero is deserving of mercy with the passage of the First Step Act Congress emphasized the imperative of reducing sentence. Mr. Borrero conduct and initiative during his incarceration demostrate rehabilitation. Movant has had an unblemished disciplinary record since 2018.

Conclusion

Congress has now give the Court the power to grant Movant relief from his sentence, Movant respectfully requests the Court to -- reduce his sentence and grant his First Step motion based on --- extraordinary and compelling reason.

Respectfully Submitted

LOUIS BORRERO

EXIBIT-1.

EX'ibi

```
   CAAEM          *        INMATE EDUCATION DATA        *      11-13-2020
   PAGE 001        *              TRANSCRIPT            *      11:52:40

REGISTER NO: 67883-054      NAME..: BORRERO                 FUNC: PRT
FORMAT.....: TRANSCRIPT      RSP OF: CAA-CANAAN USP
```

-------------------------- EDUCATION INFORMATION --------------------------

| FACL | ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|------|------------|-------------|-----------------|----------------|
| CAA | ESL HAS | ENGLISH PROFICIENT | 12-03-2014 1621 | CURRENT |
| CAA | GED EP | ENROLL GED PROMOTE W/CAUSE | 09-12-2018 1401 | CURRENT |
| CAA | GED SAT | GED PROGRESS SATISFACTORY | 06-29-2016 1200 | CURRENT |

-------------------------- EDUCATION COURSES --------------------------

| SUB-FACL | DESCRIPTION | START DATE | STOP DATE | EVNT | AC | LV | HRS |
|----------|-------------|------------|-----------|------|----|----|-----|
| CAA | 1:00-3:00 PM LITERACY CLASS | 01-26-2018 | CURRENT | | | | |
| CAA | HEALTH FAIR | 10-25-2020 | 11-08-2020 | P | C | P | 2 |
| CAA | EAT TO WIN | 09-13-2020 | 09-21-2020 | P | C | P | 5 |
| CAA | INTRO TO PLYOMETRICS | 06-27-2020 | 07-13-2020 | P | C | P | 5 |
| CAA | PARENTING 2 | 12-17-2018 | 01-10-2019 | P | C | P | 10 |
| CAA | BEGINNING ART CLASS | 08-13-2018 | 09-14-2018 | P | C | P | 10 |
| CAA | SPORTS FIELD ATH FACL MAINT | 03-05-2018 | 04-06-2018 | P | C | P | 10 |
| CAA | INTERMEDIATE DRAWING CLASS | 01-08-2018 | 02-09-2018 | P | C | P | 10 |
| CAA | PARENTING CLASS | 10-02-2017 | 12-19-2017 | P | C | P | 10 |
| CAA | PRE 114 12:45 - 3:20 | 04-05-2017 | 01-26-2018 | P | W | I | 699 |
| CAA | NUTRITION | 10-20-2017 | 11-25-2017 | P | C | P | 15 |
| CAA | COURSE ON SOLAR SYSTEM. | 04-01-2017 | 06-02-2017 | P | C | P | 10 |
| CAA | INTERMEDIATE DRAWING CLASS | 03-15-2017 | 05-19-2017 | P | C | P | 10 |
| CAA | PRE 143 12:45 - 3:20 | 01-20-2016 | 04-05-2017 | C | W | I | 0 |
| CAA | ACE SELF REDEMPTION | 08-11-2016 | 01-27-2017 | P | C | P | 24 |
| CAA | CALLIGRAPHY | 10-10-2016 | 11-25-2016 | P | C | P | 6 |
| CAA | INTERMEDIATE DRAWING CLASS | 10-10-2016 | 11-25-2016 | P | C | P | 10 |
| CAA | LAWS FOR SMALL BUSINESS. | 10-15-2016 | 11-21-2016 | P | C | P | 10 |
| CAA | CDL PREPARATION CLASS. | 10-15-2016 | 11-16-2016 | P | C | P | 10 |
| CAA | PUBLIC SPEAKING CLASS. | 09-06-2016 | 09-30-2016 | P | C | P | 10 |
| CAA | BEGINNERS DRAWING | 08-15-2016 | 09-20-2016 | P | C | P | 10 |
| CAA | CALLIGRAPHY | 08-15-2016 | 09-20-2016 | P | C | P | 6 |
| CAA | SELF REDEMPTION | 06-15-2016 | 09-09-2016 | P | C | P | 15 |
| CAA | INTRODUCTORY CROCHET CLASS. | 04-01-2016 | 05-15-2016 | P | C | P | 10 |
| CAA | INTRO EFFECTIVE COMMUNICATION | 04-01-2016 | 04-25-2016 | P | C | P | 10 |
| CAA | PRE 143 12:45 - 3:20 | 04-20-2015 | 06-11-2015 | P | W | I | 52 |
| CAA | NUTRITION | 04-22-2015 | 05-16-2015 | P | C | P | 14 |
| CAA | BARBER CLASS | 04-08-2015 | 05-08-2015 | P | C | P | 10 |
| CAA | INTRODUCTION TO PIANO | 02-15-2015 | 04-28-2015 | P | C | P | 17 |
| CAA | NUTRITION | 02-02-2015 | 03-16-2015 | P | C | P | 15 |

-------------------------- HIGH TEST SCORES --------------------------

| TEST | SUBTEST | SCORE | TEST DATE | TEST FACL | FORM | STATE |
|------|---------|-------|-----------|-----------|------|-------|
| GED PRAC | LIT/ARTS | 430.0 | 10-18-2016 | CAA | PC | |
| | MATH | 370.0 | 10-18-2016 | CAA | PE | |
| | SCIENCE | 430.0 | 10-18-2016 | CAA | PD | |
| | SOC STUDY | 460.0 | 10-18-2016 | CAA | PC | |
| | WRITING | 410.0 | 10-18-2016 | CAA | PE | |
| GED READY | RLA | 142.0 | 04-23-2019 | CAA | LA-RD | |

G0002    MORE PAGES TO FOLLOW . . .

Exhibit I

```
   CAAEM          *       INMATE EDUCATION DATA        *      11-13-2020
PAGE 002 OF 002 *              TRANSCRIPT              *      11:52:40


REGISTER NO: 67883-054      NAME..: BORRERO                FUNC: PRT
FORMAT......: TRANSCRIPT     RSP OF: CAA-CANAAN USP

---------------------------- HIGH TEST SCORES ----------------------------
TEST          SUBTEST         SCORE      TEST DATE    TEST FACL   FORM    STATE
GED READY     SCIENCE         159.0      03-15-2019   CAA         SC_RD
              SOC STUDY       145.0      09-27-2018   CAA         SS_RB
GED 2014      SCIENCE         142.0      09-04-2019   CAA
              SOC STUDY       152.0      01-16-2019   CAA
TABE D        LANGUAGE          8.8      09-08-2016   CAA         9M
              MATH APPL         7.3      09-08-2016   CAA         9M
              MATH COMP         5.5      09-08-2016   CAA         9M
              READING          10.5      10-13-2017   CAA         9 D
              TOTAL MATH        6.3      09-08-2016   CAA         9M
TABE M        LANGUAGE          7.4      04-15-2015   CAA         9M
              MATH APPL         4.6      04-15-2015   CAA         9M
              MATH COMP         5.8      04-15-2015   CAA         9M
              READING           6.6      04-15-2015   CAA         9M




G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

LOUIS BORR...
Unites Sta...
Penitentiary Canaan
Waymart PA 18472





TO: THE CLERK OF THE COURT
    SOUTHERN DISTRICT OF NEW YORK
    UNITED STATES COURTHOUSE
    500 PEARL STREET
    NEW YORK, NEW YORK 10007-1312

SPECIAL LEGAL MAIL

Crim.
Dockcting

THIS CORRESPONDENCE IS
FROM AN INMATE CURRENTLY
IN THE CUSTODY OF THE
FEDERAL BUREAU OF PRISONS

S.D.N.Y.
CLERK'S OFFICE

2020 DEC -1  AM 11:06

RECEIVED