UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                                                :
UNITED STATES OF AMERICA,                                       :
                                                                :   **ORDER DENYING MOTION**
          -against-                                             :   **FOR COMPASSIONATE**
                                                                :   **RELEASE**
LOUIS BORRERO,                                                  :
                                                                :   13 Cr. 58 (AKH)
                                        Defendant.              :
                                                                :
--------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

         Defendant Louis Borrero (hereinafter "Defendant" or "Borrero"), who is currently serving a 324-month sentence at United States Penitentiary Canaan for his role in a drug trafficking conspiracy, moves for compassionate release under 18 U.S.C. § 3582(c)(l)(A) in light of the COVID-19 pandemic, and the rehabilitative progress he has made during his time in prison.  Mot. Compassionate Release, ECF No. 772.  Borrero was convicted after a jury trial of (1) conspiracy to distribute, or possess with intent to distribute, 1 kilogram and more of cocaine, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A) and 846; (2) conspiracy to commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951; and (3) possession of a firearm in connection with a crime of violence, in violation of 18 U.S.C. §§ 924(c).  Gov't Opp'n. 1, ECF No. 776.  Because Borrero has not exhausted his administrative remedies, his motion is denied.

         "Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions."  *Freeman v. United States*, 564 U.S. 522, 526 (2011).  A court may "reduce the term of imprisonment. . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy

statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i); *see also*

*United States v. Ogarro*, No. 18-cr-373-9 (RJS), 2020 WL 1876300, at *2 (S.D.N.Y. Apr. 14,

2020)*.*  The Defendant bears the burden of showing he is entitled to this relief.  *United States v.*

*Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

In order for a Court to grant compassionate release, a defendant must first show

that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons

to bring a motion on the defendant's behalf," or that 30 days have lapsed since the defendant's

application to the warden for compassionate release, whichever is earlier.  18 U.S.C. §

3582(c)(1)(A); *see also United States v. Haney*, No. 19-cr-541 (JSR), 2020 WL 1821988, at *3

(S.D.N.Y. Apr. 13, 2020).  Courts may not create exceptions to statutory exhaustion

requirements.  *See, e.g., United States v. Battle*, 05 Cr. 377, 2020 WL 2306482, at *1 (S.D.N.Y.

May 8, 2020) (collecting cases); *see also United States v. Roberts*, 2020 WL 1700032, at *1

(S.D.N.Y. Apr. 8, 2020) ("statutory exhaustion requirements, such as those set forth in Section

3582(c), must be strictly enforced"); *United States v. Rabadi*, No. 13 Cr. 353 (KMK), 2020 WL

1862640, at *2-*3 (S.D.N.Y. Apr. 14, 2020); *United States v. Raia,* 954 F.3d 594 (3d Cir. 2020)

(non-exhaustion of administrative remedies was a "glaring roadblock foreclosing compassionate

release").

"[S]ection 3582(c)'s exhaustion proscription is clear as day."  *United States v.*

*Ogarro*, 18 Cr. 373, 2020 WL 1876300, at *3 (S.D.N.Y. Apr. 14, 2020).  The statute "mandates

that where BOP has not submitted an application for a sentence reduction, a court cannot, under

any circumstances, grant compassionate release unless the defendant has either 'fully exhausted

all administrative rights to appeal' or waited at least 30 days from the receipt of such a request by

the warden of the defendant's facility.'"  *Id*. (quoting 18 U.S.C. § 3582(c)(1)(A)).  It is "not this

Court's place to second guess Congress's policy determination."  *Id*. at *5; *United States v.*

*Canale*, 17 Cr. 286, 2020 WL 1809287, at *1 (S.D.N.Y. Apr. 9, 2020); *United States v. Rabadi*, 13 Cr. 353, 2020 1862640, at *1-2 (S.D.N.Y. Apr. 14, 2020) (courts "are not free to rewrite the statutory text when Congress has barred complaints" pending exhaustion); *United States v. Wright*, 17 Cr. 695, 2020 WL 1922371, at *1 (S.D.N.Y. Apr. 20, 2020) (noting that the "vast majority of district courts have also required exhaustion despite COVID-19 claims").

Defendant Borrero has not alleged that he sought any form of administrative relief.  Nor does the Government have any record of such a request to the Bureau of Prisons.  Without taking the statutorily mandated step of making a request to the Bureau of Prisons, this Court is unable to provide Defendant with any relief.  U.S.C. § 3582(c)(1)(A). Borrero may, pursuant to Section 3582(c), submit a request to the warden of his prison.  If that is denied, he must appeal to the appropriate BOP Regional Director and, if that appeal fails, to the BOP General Counsel before renewing his Motion.  *See* 28 C.F.R. §§ 571.63(a), 542.15(a).  If the BOP takes no action within 30 days after receiving Borrero's request, he may then renew his motion for compassionate release before me.  *Battle*, 2020 WL 2306482, at *2.

Accordingly, Borrero's motion for compassionate release is hereby denied.  The Clerk shall terminate the open motion, ECF No. 772.

SO ORDERED.

Dated:      January 21, 2021                         /s/
            New York, New York              ALVIN K. HELLERSTEIN
                                            United States District Judge

3