UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>LOUIS BORRERO,<br><br>Defendant. | **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>13 Cr. 58 (AKH) |

ALVIN K. HELLERSTEIN, U.S.D.J.:

Defendant Louis Borrero has filed a third motion for reduction of sentence. I previously denied Defendant's prior motions for reduction of sentence. *See* ECF Nos. 784 and 834. In 2013, Defendant was convicted after a jury trial of (1) conspiracy to distribute, or possess with intent to distribute, 1 kilogram and more of cocaine, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A) and 846; (2) conspiracy to commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951; and (3) possession of a firearm in connection with a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2. Defendant now contends that reduction of sentence is warranted because the U.S. Attorney's Office has changed its policy to no longer prosecute robbery arrests arising from stash house stings, as were the circumstances in Defendant's case. Defendant argues that this amounts to an extraordinary and compelling reason for release under U.S.S.G. § 1B1.13.

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (plurality opinion) (quoting 18 U.S.C. § 3582(c)). However, a court may "reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction ... and that such a reduction

is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

Defendant's reliance on Section 1B1.13 and the change in government policy do not amount to extraordinary and compelling reasons for release. The Supreme Court recently held in *Rutherford v. United States* that changes to sentencing law do not amount to extraordinary and compelling reasons for release unless Congress specifically made the change retroactive. 146 S. Ct. 1320, 1330 (2026) ("Far from 'extraordinary,' nonretroactive amendments to criminal penalties are the norm"). *Rutherford* abrogated Section 1B1.13(b)(6), which Defendant invokes, to the extent that it counseled otherwise. Therefore, because a change in prosecutorial policy is not a retroactive change affecting sentencing, it cannot serve as a basis for granting a reduction of sentence.

The other reasons raised by Defendant regarding his conditions of confinement also fail to rise to the level of extraordinary or compelling that would permit relief. Therefore, Defendant's motion is denied. The Clerk of Court shall terminate ECF No. 887.

SO ORDERED.

Dated: September 9, 2026
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge